UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:21-cr-00064-JD |
| ) | |
| ARCHIE ROBINSON III (04), ) | |
| ) | |
| Defendant. ) | |

## PETITION TO ENTER A GUILTY PLEA

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Luke N. Reilander, Assistant United States Attorney, and the defendant, Archie Robinson III, and David E. Vandercoy, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. My full true name is Archie Robinson III and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. I was born in the United States of America. I have attended school and I have the ability to read, write, and speak the English language.

3. I am represented by counsel and my lawyer's name is David E. Vandercoy.

1

4. I have received a copy of the Superseding Indictment in this case, and I have read and discussed it with my lawyer, and I believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Superseding Indictment, and I believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me, and has counseled and advised me, as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7. I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

    (a) the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana, which must return a unanimous verdict of GUILTY before I can be convicted;

    (b) the right to be released on reasonable bail until my trial occurs;

  (c) the right to see, hear, and cross-examine all the witnesses against me at my trial;

  (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

  (e) the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

  (f) the right not to testify without prejudice; and,

  (g) that in the event that I should be found GUILTY of the charge against me, the right to appeal my conviction on such charge to a higher court.

8. I understand that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above.

9. Notwithstanding the existence of the rights mentioned above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

  (a) I agree to plead guilty to Count 1 of the Superseding Indictment, which charges me with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349, because I am, in fact, guilty of the offense charged. I also agree to plead guilty to Count 3 of the Superseding Indictment, which charges me with one count of bank fraud, in violation of Title 18, United States

Code, Section 1344(2), because I am, in fact, guilty of the offense charged.

(b)     I understand that in order for the Court to accept my guilty plea, the Court must receive what is called a factual basis. I agree that the following facts are true and that they shall form the factual basis for my guilty plea:

I admit that from in or about July 2014, and continuing until in or about July 2019, in the Northern District of Indiana and elsewhere, I knowingly conspired with Tonya Robinson and Albert Smith in a scheme to commit wire fraud and bank fraud. I admit that the object of the scheme was to unlawfully obtain money belonging to the Housing Authority of South Bend ("Housing Authority"), and under the custody and control of First Source Bank, by means of materially false and fraudulent pretenses, representations, and promises. I admit that I understood the purpose of the scheme to be unlawful, and that I willfully joined and participated in this scheme.

I admit that during the scheme, I was a resident of South Bend, Indiana, and that I owned a contracting business called "KTR… Kleaning to Renovations Inc", also known as "KTR." My business was hired by the Housing Authority to do renovation and other contracting work at residential units owned by the Housing Authority. The Housing Authority is located in South Bend, Indiana, in the Northern District of Indiana, as are the residential units. During the scheme, Albert Smith and Tonya Robinson were employees at the Housing Authority.

During the scheme, my business and the Housing Authority had bank accounts at First Source Bank, which is also located in South Bend, Indiana, in the Northern District of Indiana. I do not dispute that during the scheme, First Source Bank was an FDIC-insured banking institution.

I admit that as part of the scheme, I had an arrangement with Albert Smith and Tonya Robinson where they provided me with payment checks made out to KTR that purported to be for contracting work that KTR had done at Housing Authority residential units, while in actuality, this contracting work had not actually occurred. I admit that I knew these particular payment checks were fraudulent as they purported to be payments for contracting work that I knew had not

4

occurred. As part of my arrangement with Albert Smith and Tonya Robinson, I would bring the fraudulent checks to First Source Bank, where I would deposit the checks. I admit that every time I knowingly presented a fraudulent check to First Source Bank, I was making a materially false representation in order to obtain money under the custody and control of First Source Bank. After I deposited the fraudulent check, I would withdraw a portion of the check in cash. I would then bring the cash back to Albert Smith or Tonya Robinson in an amount directed by either Albert Smith or Tonya Robinson.

During the first part of the scheme, from approximately June 2014 to early 2019, I generally dealt with Albert Smith directly instead of Tonya Robinson. As part of the scheme, I would talk with Albert Smith on my cell phone or through text messaging. Through these communications, Albert Smith would inform me that a fraudulent check was ready for me to pick up at the Housing Authority's office, and he would coordinate with me about where he could meet me to receive cash after I had deposited a check. If I was taking too long to bring cash back after depositing a check, Albert Smith would call me or send me text messages to see why I was taking so long. I do not dispute that the text messages between my phone and the phone of Albert Smith resulted in interstate wire communications.

During this time, Albert Smith would tell me how much cash I should bring back to him from each deposited check. Generally, the money from the fraudulent checks would be split in three: I would keep approximately a third of the money for myself, and I would bring two thirds of the money in cash to Albert Smith. At that time, I understood from Albert Smith that Tonya Robinson was part of the scheme and that one third of the money was going to Tonya Robinson while Albert Smith kept the remaining third.

After Albert Smith stopped working at the Housing Authority in early 2019, Tonya Robinson approached me in order to continue the scheme with her directly. Tonya Robinson and I continued the scheme from approximately early 2019 to July 2019. During this time, Tonya Robinson indicated that we would split the money from the fraudulent checks in two between us. Accordingly, after depositing a fraudulent check at First Source Bank, I would keep approximately half of the money for myself, and I would bring the other half of the money in cash back to Tonya Robinson.

5

I admit that as part of the scheme, Albert Smith, Tonya Robinson, and I created false KTR invoices or other business records which purportedly showed contracting work that had not actually been done. I admit that I provided Albert Smith with a blank invoice template which Albert Smith then used to create fake invoices corresponding to fraudulent checks that I was given.

I admit that on May 26, 2016, for the purpose of knowingly executing and attempting to execute the scheme described above, I presented to First Source Bank a Housing Authority check #123759, made out to "KTR…Kleaning to Renovations Inc" for $10,500. I admit that this check purported to be contracting work that had occurred for a specific unit owned by the Housing Authority, but that no such work had occurred. I admit that when I presented this check to the bank for deposit, I knew that the check was fraudulent because it was payment for work that had not actually occurred. After I deposited this check, I withdrew a portion of the check in cash, which I later gave to Albert Smith.

I admit that as a result of the scheme, I and my co-conspirators fraudulently obtained money belonging to the Housing Authority under the custody and control of First Source Bank. I admit that I acted with the intent to defraud.

(c)     I understand that the maximum possible penalty that may be imposed upon me for a conviction of the offense of conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count 1 of the Superseding Indictment, is a term of imprisonment not to exceed 30 years, a fine not to exceed $1,000,000.00, or a combination of both imprisonment and a fine, to which may be added a term of supervised release of not greater than five years, plus a mandatory $100.00 special assessment, in addition to any other penalty imposed.

I also understand that the maximum possible penalty that may be imposed upon me for a conviction of the offense of bank fraud, in violation of Title 18, United States Code, Section 1344(2), as charged in Count 3 of the Superseding Indictment, is a term of imprisonment not to exceed 30 years, a fine not to exceed $1,000,000.00, or a combination of both imprisonment and a fine, to which may be added a term of supervised release of not greater than five years, plus a mandatory $100.00 special assessment, in addition to any other penalty imposed.

I understand that the terms of imprisonment for Count 1 and Count 3 could run consecutively to each other for a total of up to 60 years, that the total fine could be up to $2,000,000.00, and that the total mandatory special assessment would be $200.00.

(d)   I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood, and acceptance of responsibility, as well as possible departures from the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report and input from counsel, from the government, and from me.

(e)   I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

      (f)     As part of this agreement, I agree to make restitution to the victim(s) of my offense. I acknowledge restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. I understand that a payment schedule imposed by the Court establishes only a minimum obligation and does not preclude the United States Attorney's Office from pursuing any other means to collect the restitution judgment pursuant to federal and state law.

      In addition to making restitution for the offenses to which I am pleading guilty, I agree to pay back $20,833.00 to the United States, which I received in May 2021 as a Payment Protection Program Loan, but to which I was not entitled.

      (g)     I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within 14 days of the filing of the plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. This statement will be used by the Financial Litigation Unit of the United States Attorney's Office to enforce the Court's sentence. I promise that the financial statement and disclosures will be complete, accurate, and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine. If deemed necessary by the U.S. Attorney's Office, I agree to submit, prior to sentencing, to an examination under oath on the issue of my ability to pay restitution.

      (h)     Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure and in exchange for my guilty plea to Counts 1 and 3, the government agrees to move to dismiss at the time of my sentencing Count 2 and Counts 4 through 9 of the Superseding Indictment, as alleged against me. However, I understand that the underlying facts of those offenses may be considered for purposes of the Sentencing Guidelines calculation as well as my sentence.

 (j) In further consideration for my plea of guilty to Counts 1 and 3 of the Superseding Indictment, the government, pursuant to the Federal Rules of Criminal Procedure 11(c), agrees to make the following non-binding recommendations. Any agreements which follow in these sub-paragraphs are submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and are not binding upon the Court; I understand this means that if the Court refuses to follow the recommendations set forth in these sub-paragraphs, I will not be allowed to withdraw my guilty plea.

  (1) The government and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense level pursuant to § 3E1.1(a) of the Sentencing Guidelines. The government and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level under § 3E1.1(b). However, I understand that the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility.

  (2) At the time of sentencing, the government shall recommend that I be sentenced to a period of imprisonment at the low end of the applicable guideline range, said guideline range to be determined by the Court.

  (3) I understand that the Court is not bound by these recommendations, that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility as well as the enhancements applicable under the sentencing guidelines, and that I am not entitled to withdraw this guilty plea if the Court decides not to accept these

9

recommendations.

(k) I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense as well as the full extent of my criminal history.

(l) Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and that no promises have been made to me other than those contained in this Petition, and that I have not been threatened in any way by anyone to cause me to plead GUILTY in accordance with this Petition.

13. I understand and acknowledge that this Petition, once filed with the Court, is a public document and available for public viewing.

    *s/Archie Robinson III*
Archie Robinson III, Defendant

    *s/David E. Vandercoy*
David E. Vandercoy, Attorney for Defendant

APPROVED:

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

By:   *s/Luke N. Reilander*
Luke N. Reilander
Assistant United States Attorney

11